**Opinion filed May 11, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00333-CV

_____

## IN THE INTEREST OF C.D., A CHILD

---

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 10662-CX**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother of the child at issue in this case, C.D., and appointed the father as C.D.'s sole managing conservator. The mother filed this appeal. In her sole issue on appeal, she challenges the legal and factual sufficiency of the evidence to support the trial court's finding that the termination of her parental rights is in the best interest of C.D. We affirm the order of the trial court.

### I. *Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West 2022). To terminate parental

rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.* In this case, the trial court found that Appellant had committed three of the acts listed in Section 161.001(b)(1)— those found in subsections (D), (E), and (O). Appellant does not challenge these findings on appeal.

The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the child. *See id.* § 161.001(b)(2). It is this finding that Appellant challenges on appeal.

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). We note that the trial court is the sole arbiter of the credibility and demeanor of witnesses. *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (citing *In re J.L.*, 163 S.W.3d 79, 86–87 (Tex. 2005)).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the

2

child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

## II. *Evidence Presented at Trial*

The record shows that the Department of Family and Protective Services became involved with C.D. when he was approximately ten months old. The reason for the Department's initial involvement was Appellant's use of drugs. C.D. was in Appellant's care, and C.D.'s father was not part of his life at the time. During the Department's investigation of the allegations against Appellant, both she and C.D. tested positive for methamphetamine. The Department subsequently removed C.D. from Appellant's care.

After the removal, the trial court ordered Appellant to comply with the requirements set forth in her family service plan so that C.D. could be returned to Appellant. The family service plan required that Appellant complete a variety of services. Appellant failed to comply with the requirements set forth in her service plan. She continued to use methamphetamine, testing positive in every hair follicle test to which she submitted. Five weeks prior to the last day of trial, the level of methamphetamine in Appellant's hair follicle was 22,324 pg/mg. Furthermore, she did not maintain contact with the Department, did not participate in outpatient services, did not regularly visit C.D., and did not submit to random drug testing on at least nine occasions when requested by the Department.

The Department initially placed C.D. with grandparents, but the trial court eventually ordered that C.D. be placed with his father. At the time of trial, C.D. had

been living with his father for eight months. The Department did not seek termination of either parent's rights at the hearing; rather, it sought to be appointed permanent managing conservator of C.D. and requested a placement change. The father opposed the Department's request; he sought, and was granted, sole managing conservatorship of C.D. and termination of Appellant's parental rights.

The permanency supervisor for 2INgage suggested that "to the extent that [Appellant] can straighten up," C.D.'s best interest would be served by a continued relationship with Appellant. However, nothing in the record suggested that Appellant would "straighten up." Except for the time that she spent in an inpatient treatment facility, Appellant continued to use methamphetamine throughout the pendency of the case below.

C.D.'s father testified that he believed it would be in C.D.'s best interest to terminate Appellant's rights. The father pointed to Appellant's continued drug use as a safety concern, stating that Appellant "doesn't care enough [to] get clean and sober." He did not believe that Appellant would "get it together" anytime in the next sixteen years. The father also noted that Appellant had missed numerous scheduled visits with C.D., that her whereabouts were unknown, and that she did not even bother to appear for trial in this case. The father testified that he was willing and able to provide for C.D.'s needs and that C.D. was his "number one priority and always will be."

### III. *Analysis*

In her sole issue, Appellant asserts that the evidence presented at trial was legally and factually insufficient to prove by clear and convincing evidence that the termination of her parental rights would be in the best interest of C.D. The trial court, as the trier of fact, is the sole judge of the witnesses' credibility. *A.B.*, 437 S.W.3d at 503. We are not at liberty to disturb the determinations of the trier of fact as long as those determinations are not unreasonable. *J.P.B.*, 180 S.W.3d at 573.

4

Giving due deference to the trial court, we hold that, based on the evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in the best interest of C.D. *See Holley*, 544 S.W.2d at 371–72.

As set forth above, the evidence showed that Appellant endangered her child by allowing him to be exposed to methamphetamine while in her care and that she continued to use methamphetamine and continued to constitute a threat to C.D.'s safety. Upon considering the record as it relates to Appellant's use—and continued use—of methamphetamine, C.D.'s exposure to methamphetamine while in Appellant's care, the emotional and physical danger to C.D. now and in the future, the desires of C.D. (who was too young to express any desire), the emotional and physical needs of C.D. now and in the future, the parental abilities of those involved, and the father's plans for C.D., we hold that the evidence is legally and factually sufficient to support the finding that termination of Appellant's parental rights is in the best interest of C.D. *See id.* We defer to the trial court's finding as to the child's best interest, *see C.H.*, 89 S.W.3d at 27, and we cannot hold in this case that the trial court's finding as to best interest is not supported by clear and convincing evidence. Accordingly, we overrule Appellant's sole issue.

IV. *This Court's Ruling*

We affirm the order of the trial court.

W. STACY TROTTER

JUSTICE

May 11, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.